THOMPSON *v.* THE STATE; FRENCH *v.* THE STATE.

Where the proprietor of a building, in which a burglary is committed, and his servant, are previously advised that the crime will be committed, and make no efforts to prevent its commission, but provide a force for, and secure the arrest of the burglars, the liability of the burglars to punishment is not thereby changed.

APPEAL from the *Marion* Circuit Court.

HANNA, J.—*Thompson* and *French* were indicted jointly,

but tried separately. The charge was burglary. The evidence showed that the proprietor and clerk of the store into which they entered, were apprised of their intended crime, by a person who was professing to act with them as a confederate—one *Frost;* that armed men were placed therein, who arrested the defendants; that the said proprietor was close at hand watching for the said entrance; that they entered through an outside window and inner door that were opened by them, or some one of them. As to who did the opening, the breaking, the evidence conflicted; *Frost* stating that *Thompson* did it, *French* stating that the said *Frost* did it.

The Court refused to instruct the jury, "that if the breaking and entering the house were done with the knowledge, procurement, and consent of the owner, you ought to find the defendant not guilty;" and did instruct, that "in this case the question of the guilt or innocence of the defendant on trial is not affected by the guilt or innocence of the witness *Frost.*"

There was a conviction.

We are referred to the case of *Regina* v. *Johnson,* 41 Eng. Com. Law. In that case, the servant of *Drake,* pretending to agree with the defendant, opened the door and let him in to commit the robbery. He was arrested before he did anything. The Court held that it did not amount to a burglary, because the entry had been lawful, in consequence of the servant having opened the door.

In the cases at bar, there is nothing showing that the owner of the property consented to the commission of the crime, unless his remaining passive, so far as their contemplated proceedings were concerned, and failing to take any measures to prevent the breaking and entering, should receive that construction. The witness, *Frost,* was not his servant; he made no agreement with him, by which he was to bring the defendants there. He merely arranged, and let *Frost* know that he had done so, for the arrest of the men, "if they did

break in to rob the store." He did not furnish the means by which they might enter. That entrance was by breaking. There was, therefore, no evidence tending to prove that the breaking and entering were by the procurement of the owner; and for that reason, the instruction asked was rightfully refused, and that given was proper.

It is clear, from the above facts, that the cases materially differ from the English case; 1. In the fact that *Frost* was not shown to have been in the employ of the owner of the property. 2. In the fact that the entry was not lawful—by the opening of a door by a servant, but forcible, by the breaking of a window by persons not authorized.

*Per Curiam.*—The judgment is affirmed.

*J. McHenry*, for the appellants.